**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| Board of Trustees of the Plumbers, Pipefitters & Mechanical Equipment Service, Local Union No. 392 Pension Fund *et al.*, | : : : : | Case No. 13-CV-0004 |
| | : | Judge Michael R. Barrett |
| Plaintiffs, | : : | |
| vs. | : : | |
| SUSAN L. HUMBERT d/b/a GENESIS MECHANICAL, an individual and sole proprietor; STEVEN L. HUMBERT d/b/a GENESIS MECHANICAL, an individual and sole proprietor; STEVE REECE formerly d/b/a GENESIS MECHANICAL SERVICES, an individual and sole proprietor; GENESIS MECHANICAL SERVICES, INC., an Ohio Corporation; and COMPREHENSIVE BUSINESS SOLUTIONS, INC., an Ohio Corporation; | : : : : : : : : : : : : : : : | **PLAINTIFFS' MOTION FOR FINAL JUDGMENT IN SUM CERTAIN** |
| Defendants. | : | |

  The Plaintiffs, the Board of Trustees of the Plumbers, Pipe Fitters & Mechanical Equipment Service, Local Union No. 392 Pension Fund *et al.*, by and through their attorneys, Joseph E. Mallon and Jeffrey A. Krol, pursuant to this Honorable Court's February 23, 2016 Opinion and Order granting Summary Judgment in favor of the Plaintiffs, move this Honorable Court for entry of Final Judgment in Sum Certain against Defendants Susan L. Humbert d/b/a Genesis Mechanical ("Susan Humbert") and Steven L. Humbert d/b/a Genesis Mechanical ("Steven Humbert") (collectively referred to as the "Humberts" and "GM"), Steve Reece formerly d/b/a Genesis Mechanical Services ("Reece"), and Genesis Mechanical Services, Inc. ("GMSI"), jointly and severally, in the amount of $1,453,850.34. In support of their Motion, the Plaintiffs

1

submit the following Memorandum of Law pursuant to Local Rule 7.2 along with Exhibits and references to evidence already contained in the record.

## MEMORANDUM OF LAW

On February 23, 2016, after considering the parties' Cross-Motions for Summary Judgment, this Court granted the Plaintiffs' Motion for Summary Judgment and entered Judgment against Defendants holding that Reece and GMSI were the alter ego of the Humberts/GM. (Opinion and Order, Docket No. 61). Due to the finding of alter ego liability, the Court held that the Humberts/GM, Reece, and GMSI are bound to the Collective Bargaining Agreements entered into between the Plumbers, Pipe Fitters & MES, Local Union No. 392 U.A. ("Union") and the Mechanical Contractors Association of Cincinnati ("MCA") for all relevant time periods ("CBAs") and are required to comply with all obligations under the CBAs, including but not limited to the obligation to pay contributions and wage deductions to the Plaintiffs on a monthly basis. *(Id.* at pp. 24-25 | PAGEID#1484-5). In order to determine the amount of contributions and wage deductions owed to the Plaintiffs, the Court held that the Humberts/GM, Reece, and GMSI were to submit to a payroll compliance audit for the period of January 1, 2010 through present. *(Id.* at pp. 24-25 | PAGEID#1484-5). In addition the Court held that "Plaintiffs shall have leave to petition the Court for entry of judgment in sum certain to include all contributions revealed by the payroll compliance audit, including liquidated damages resulting from the unpaid contributions and Plaintiffs' attorney's fees and costs." *(Id.* at p. 25 | PAGEID#1485).

The Plaintiffs in this matter are composed of the Boards of Trustees of the Plumbers, Pipe Fitters & Mechanical Equipment Service, Local Union No. 392 Pension Fund ("Pension Fund"), the Plumbers, Pipe Fitters & Mechanical Equipment Service, Local Union No. 392 Health & Welfare Fund ("Welfare Fund"), the Plumbers, Pipe Fitters & Mechanical Equipment Service,

2

Local Union No 392 S.U.B. Fund ("SUB Fund"), the Plumbers, Pipe Fitters & Mechanical Equipment Service, Local Union No. 392 Education Trust Fund ("Education Fund"), the Cincinnati Plumbing and Pipefitting Industry Promotion Trust Fund ("Industry Fund") and the Union.

In accordance with this Court's February 23, 2016 Order and Opinion, the Humberts/GM, Reece and GMSI remitted payroll records to the Plaintiffs' auditor for the period of January 1, 2010 through August 24, 2016. Based on these records, the auditor determined that the Humberts/GM, Reece, and GMSI failed to pay $1,169,296.47 in contributions to the Trust Funds, $94,360.44 in wage deductions to the Union, and $101,092.55 in liquidated damages. Additionally, this Court should award the Plaintiffs their attorney's fees and costs. The underlying authority for the damages sought by Plaintiffs is detailed below.

## **ARGUMENT**

As a result of this Court's February 23, 2016 Opinion and Order, the Humberts/GM, Reece and GMSI are bound by the terms of the CBAs. Accordingly, this Court should enter judgment in favor of the Plaintiffs and against the Humberts/GM, Reece, and GMSI (collectively hereinafter referred to as the "Defendants"), jointly and severally, in the aggregate amount of $1,453,850.34, which is itemized as follows: (1) $1,263,656.91 in contributions and wage deductions, (2) $101,092.55 in liquidated damages, and (3) $89,100.88 in attorney's fees and costs.

**1. THE DEFENDANTS' FAILURE TO PAY CONTRIBUTIONS DURING THE PERIOD OF JANUARY 1, 2010 THROUGH AUGUST 24, 2016 IS A BREACH OF THE CBAs.**

Section 515 of ERISA "requires employers to comply with the terms of their agreements to make contributions to funds." 29 U.S.C. § 1145. Here, the Court held that as a result of their alter ego liability, the Humberts/GM, Reece, and GMSI are bound by the terms of the CBAs. In

3

this case, it is undisputed that the Defendants failed to pay contributions required by the CBAs. Therefore, the Defendants are in breach of the CBAs.

Section 502(g)(2) of ERISA (29 U.S.C. § 1132) provides a remedial scheme to be applied when a fiduciary is successful in an action under Section 515 of ERISA (29 U.S.C. § 1145). *Iron Workers Local No. 25 Pension Fund v. McGuire Steel Erection, Inc.*, Case No. 03-71056, 2004 U.S. Dist. LEXIS 26675, at *17 (E.D. Mich. Sept. 28, 2004). Under Section 502(g)(2) of ERISA, when a court enters judgment in favor of an ERISA plan, the Court shall award:

> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. §1132(g)(2). *See In re Michigan Carpenters Council Health and Welfare Fund*, 933 F.2d 376, 388 (6th Cir. 1991) (stating that the remedies provided by 29 U.S.C. §1132(g)(2), which includes reasonable attorneys' fees, are mandatory). Accordingly, Plaintiffs are entitled to damages as set forth below due to the Defendants breach of the CBAs.

**2. DEFENDANTS FAILED TO PAY $1,263,656.91 IN CONTRIBUTIONS AND WAGE DEDUCTIONS PURSUANT TO THE CBAs.**

The CBAs provide that "Contributions to the [Welfare Fund, Pension Fund, and SUB Fund] will be on the basis of hours paid. Contributions to all other funds [Education Fund and Industry Fund] will be on the basis of hours worked." (2009-2011 CBA, Art. VII, p. 16; **Ex. 1**);

4

(2011-2014 CBA, Art. VII, p. 16; **Ex. 2**); (2014-2019 CBA, Art. VII, p. 16; **Ex. 3**).[1] Pursuant to the CBAs, an employer is required to submit contributions to the Welfare Fund, Pension Fund, SUB Fund, Education Fund, and Industry Fund (collectively "Trust Funds") at the rates agreed to by the Union and the MCA. (2014-2019 CBA, Art. VIII, pp. 16-22; **Ex. 3**). Here, the Humberts/GM, Reece, and GMSI collectively were required to submit contributions on behalf of their employees that were performing work within the Trade and Territorial Jurisdiction of the Union. (2014-2019 CBA, Arts. III & IV; **Ex. 3**). The contribution rates for each employee conducting work within the Trade and Territorial Jurisdiction of the Union depends on each employee's classification. (Cert. of McCarthy ¶ 2; **Ex. 4**). For the sake of this case, the only relevant classifications are Mechanical Equipment Service ("MES") Journeyman and MES Apprentices. (Audit Report [Ex. A to Cert. of Hoffman]; **Ex. 5**).

The Union and the MCA (the principal bargaining parties to the CBAs) agreed to certain rates for fringe benefit contributions effective during the relevant period (January 1, 2010 through August 24, 2016). (Cert. of McCarthy ¶ 2; **Ex. 4**). Over the relevant period, the Union and the MCA agreed to increases to the wage and benefit package for MES Journeymen and MES Apprentices effective June 1 of each year. (Cert. of McCarthy ¶ 2; **Ex. 4**). The payroll compliance audit calculated the amounts owed by the Defendants based on each employee's classification and the contribution rate in effect at the time that each hour was worked. (Audit Report [Ex. A to Cert. of Hoffman]; **Ex. 5**).

In addition to contributions to the Trust Funds, the CBAs require the Defendants to deduct wages from its employees pay checks and remit those deductions to the Union administered

---

[1] It is important to note that there are three CBAs which control the time period for which the Defendants owe contributions and wage deductions (2009-2011; 2011-2014; 2014-2019). However, for purposes of this Motion, the citations are identical in all three (3) CBAs. As a result, the Plaintiffs shall only cite the current CBA (attached as **Ex. 3**) as representative of all three, unless otherwise noted.

5

Vacation & Savings Plan. (2014-2019 CBA, Art. VIII, pp. 18-19; **Ex. 3**). The Union is the collection agent of the Vacation & Savings Plan. (2014-2019 CBA, Art. VIII, pp. 18-19; **Ex. 3**); (Cert. of McCarthy ¶ 3; **Ex. 4**). Pursuant to the CBAs, the Defendants are required to deduct "eight percent (8%) of an employee's gross pay" for submission to the Vacation & Savings Plan. (2014-2019 CBA, Art. VIII, pp. 18-19; **Ex. 3**); (Cert. of McCarthy ¶ 2; **Ex. 5**). The Defendants are required to deduct "2.25% of paid wages for union dues [and] an additional 2.5% check-off of plumbers and pipe fitters journeyman, and mechanical equipment service journeyman gross wages for Local No. 392 Equality and Stabilization Program." (2014-2019 CBA, Art. VII, pp. 14-15; **Ex. 3**). Pursuant to the CBA, the Defendants are also required to deduct 2.25% of paid wages for union dues for Apprentices. (2014-2019 CBA, Art. VII, pp. 14-15; **Ex. 3**). The amounts required to be deducted from employees' wages set forth above in the CBA remained the same for the period of January 1, 2010 through August 24, 2016. (2014-2019 CBA, Art. VIII, pp. 18-19; **Ex. 3**); (Cert. of McCarthy ¶ 2; **Ex. 5**).

Pursuant to this Court's February 23, 2016 Opinion and Order, the Plaintiffs' auditor completed a payroll compliance audit of the Humberts/GM, Reece, and GMSI collectively. (Audit Report [Ex. A to Cert. of Hoffman]; **Ex. 5**). In conducting the audit, the auditor used the rates set forth above for the period of January 1, 2010 through August 24, 2016. (Audit Report [Ex. A to Cert. of Hoffman]; **Ex. 5**). The audit revealed that Defendants failed to pay the total of $1,267,273.03 in contributions and wage deductions required by the CBA during the period of January 1, 2010 through August 24, 2016, which is itemized as follows:

| Fund: | Amount: |
|---|---|
| Welfare Fund | $383,611.28 |
| Welfare Special Fund | $32,504.70 |
| Local Pension Fund | $504,940.76 |
| SUB Fund | $46,699.31 |
| Education Fund | $20,543.17 |

6

| Fund: | Amount: |
|---|---|
| Industry Fund | $7,419.49 |
| Dues & Market Recovery | $94,360.44 |
| Vacation Fund | $173,577.76 |
| **Total:** | **$1,263,656.91** |

(Cert. of Hoffman ¶ 4; **Ex. 5**). Under ERISA, "every employer shall maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. §1059(a)(1). Specifically, an auditor's findings are presumed correct absent evidence to the contrary presented by Defendants. *See Trs. of the Painters Union Deposit Fund v. Ybarra Constr. Co.*, 113 Fed. Appx. 664, 668 (6th Cir. 2004) (holding that "if an employer fails to keep adequate records [the Employee Retirement Income Security Act] shifts the burden to the employer to produce evidence of the amount of work performed and to rebut reasonable inference that can be drawn from the plaintiff's evidence."). Under this approach, an employer is liable for contributions on all hours worked during a period in which it has demonstrated that some covered work was performed if, due to poor record keeping by the employer, it is impossible to determine with precision the amount due. *Mich. Laborers' Health Care Fund v. Grimaldi Concrete*, 30 F.3d 692, 695-696 (6th Cir. 1994). To date, none of the Defendants have produced any evidence that contradicts the auditor's findings.

As a result, this Honorable Court should enter judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, in the amount of $1,263,656.91 for unpaid contributions and wage deductions.

**3.    DEFENDANTS OWE $101,092.55 IN LIQUIDATED DAMAGES PURSUANT TO THE CBAs.**

In addition to the contributions and wage deductions, Defendants owe $101,092.55 in liquidated damages pursuant to Section 502(g)(2) of ERISA and the CBAs. Section 502(g)(2) of ERISA provides that "[i]n any action under this subchapter by a fiduciary for or on behalf of a

7

plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan – (C)(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent…of the amount determined by the court under subparagraph (A)." 29 U.S.C. §1132(g)(2)(C)(ii). Here, Article VII, Section 9 of the CBAs specifically provides that:

> All reports and contributions shall be submitted by the employer to the bank by the fifteenth (15th) day of the month for employees' hours accrued during the immediately preceding month. Employers whose contributions are not received by the bank or postmarked by the fifteenth (15th) day of the month, or the first legal banking day thereafter, shall be assessed liquidated damages in the sum of eight percent (8%) of the unpaid contributions, unless such employer files a written appeal to the Joint Conference Committee within ten (10) days of the date the employer receives written notice of delinquency from the Fringe Benefit Office. A copy of the appeal shall be simultaneously filed with the Plumbers, Pipe Fitters and MES Union Local No. 392 Fringe Benefit Funds Administrator, Room 100, 1228 Central Parkway, Cincinnati, Ohio 45202. (2014-2019 CBA, Art. VIII, p. 23; **Ex. 3**).

In this case, the Defendants failed to submit $1,263,656.91 in contributions and wage deductions to the Plaintiffs. (Cert. of Hoffman ¶ 4; **Ex. 5**). As a result, pursuant to the CBAs, eight percent (8%) of $1,263,656.91 is equal to $101,092.55 in liquidated damages. (Cert. of Hoffman ¶ 5; **Ex. 5**). Thus, this Court should enter a judgment in favor of the Plaintiffs and against Defendants Humberts/GM, Reece and GMSI, jointly and severally, in the amount of $101,092.55 for liquidated damages.

**4. THE ATTORNEY'S FEES AND COSTS INCURRED BY THE PLAINTIFFS SHOULD BE ASSESSED AGAINST THE DEFENDANTS.**

Finally, Defendants are required to pay the Plaintiffs' attorney's fees and costs. Section 502(g)(2)(D) of ERISA provides that "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan – (D) reasonable attorney's fees and costs of the action to be paid by the defendant." 29 U.S.C. §1132(g)(2)(D). Moreover, the CBAs state:

> In the event that any action or proceedings against any participating employers are necessary to enforce the payment of any contributions to the Fringe Benefit Funds, the trustees or the Union shall have a right to sue and recover on behalf of the funds, the amount of the unpaid contributions plus, the above stated liquidated damages and all costs incurred in connection therewith, together with all reasonable attorney's fees. (2014-2019 CBA, Art. VIII, p. 24; **Ex. 3**).

The Plaintiffs were required to employ the undersigned counsel to collect the unpaid contributions, wage deductions and liquidated damages from Defendants. To date, the Plaintiffs have incurred $89,100.88 in reasonable attorney's fees and costs. (Cert. of Attorney's Fees; **Ex. 6**). Thus, pursuant to the CBAs and Section 502 of ERISA, this Court should enter judgment in favor of the Plaintiffs and against Defendants Humberts/GM, Reece, and GMSI, jointly and severally, in the amount of $89,100.88 for reasonable attorney's fees and costs.

## **CONCLUSION**

The Plaintiffs respectfully request that this Honorable Court enter Final Judgment in Sum Certain against the Defendants, jointly and severally, as follows:

1. Judgment in favor of the Plaintiffs and against Defendants the Humberts/GM, Reece, and GMSI, jointly and severally, in the aggregate amount of $1,453,850.34, which is itemized as follows:

    A. $1,263,656.91 in unpaid contributions and wage deductions;

    B. $101,092.55 in liquidated damages; and

    C. $89,100.88 in reasonable attorney's fees and costs.

2. Grant the Plaintiffs any such other and further relief that this Court deems to be just and equitable all at the Defendants' cost.

                        Respectfully Submitted,

                        /s/ Jeffery A. Krol
                        Jeffery A. Krol (*admitted pro hac vice*)
                        Joseph E. Mallon (0085786)
                        *Counsel for Plaintiffs*
                        JOHNSON & KROL, LLC
                        300 S. Wacker Drive, Suite 1313
                        Chicago, Illinois 60606
                        Telephone: (312) 372-8587
                        Facsimile: (312) 255-0449
                        E-mail:jeffkrol@johnsonkrol.com

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 10, 2017, he served a copy of the **Plaintiffs' Motion for Final Judgment in Sum Certain** upon the Counsel of Record for the Defendants via this Court's CM/ECF Electronic Filing System.

      /s/ Jeffery A. Krol
Jeffery A. Krol (*admitted pro hac vice*)
Joseph E. Mallon (0085786)
*Counsel for Plaintiffs*
JOHNSON & KROL, LLC
300 S. Wacker Drive, Suite 1313
Chicago, Illinois 60606
Telephone: (312) 372-8587
Facsimile: (312) 255-0449
E-mail:jeffkrol@johnsonkrol.com